| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** **DISTRICT OF NEW JERSEY** Caption in Compliance with D.N.J. LBR 9004-1 | |
| **STEVENS & LEE** 110 Allen Road, Suite 304 Basking Ridge, NJ  07920 T: (973) 230-2095 **DANIEL M. STOLZ, ESQ.** *daniel.stolz@stevenslee.com* **JACLYNN N. McDONNELL, ESQ.** *jaclynn.mcdonnell@stevenslee.com* **R. EDWARD STONE, III., ESQ.** *r.edward.stone.iii@stevenslee.com* **JASON C. MANFREY, ESQ.** *jason.manfrey@stevenslee.com* *Proposed Counsel to the Debtor* | |
| In re: MICROBILT CORPORATION, Debtor. | Case No.: 26-18129 Chapter 11 Hon. Michael B. Kaplan |

Order Filed on July 21, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### INTERIM ORDER AUTHORIZING MICROBILT CORPORATION, CHAPTER 11 DEBTOR AND DEBTOR-IN-POSSESSION, TO MAINTAIN EXISTING <u>CASH MANAGEMENT SYSTEM</u>

The relief set forth on the following pages, numbered two (2) through eight (8) is hereby

**ORDERED.**

**DATED: July 21, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

7/16/2026 SL1 4401821v1 124063.00001

(Page 2)

Debtor:        Microbilt Corporation
Case No.:      26-18129
Caption:       Interim Order Authorizing Microbilt Corp., Chapter 11 Debtor and Debtor-in-Possession, to Maintain Existing Cash Management System

_____

Upon the motion (the "Motion") of Microbilt Corporation, the Debtor and Debtor-in-possession ("Debtor"), by and through its proposed counsel, Stevens & Lee, P.C., seeking entry of interim and final orders pursuant to sections 105(a), 345, 363, 364, and 503 of the Bankruptcy Code and Bankruptcy Rules 6003, and 6004, authorizing the Debtor to Maintain Existing Cash Management System; and it appearing that the Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that due notice of the Motion has been given and no further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion, if any, establish just cause for the relief granted herein; and upon the proceedings before the Court; and good and sufficient cause appearing;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      The Final Hearing on the Motion shall be held on _____, 2026 at _____ before the Honorable _____, at the United States Bankruptcy Court, District of New Jersey.

3.      Any objection to the entry of the Final Order shall be in writing, filed with the Clerk of the Bankruptcy Court, and served upon (i) proposed counsel for the Debtor, Stevens & Lee, 110 Allen Road, Suite 304, Basking Ridge, New Jersey 07920, Attn: Daniel M. Stolz (daniel.stolz@stevnslee.com), Jaclynn N. McDonnell (jaclynn.mcdonnell@stevenslee.com), R. Edward Stone, III (r.edward.stone.iii@stevenslee.com), Jason C. Manfrey (jason.manfrey@stevenslee.com), (ii) counsel to any official committee of unsecured creditors appointed in this Chapter 11 Case; (iii) the Office of the United States Trustee, for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov), (iv) the secured lender and counsel,

7/16/2026 SL1 4401821v1 124063.00001

(Page 3)
Debtor:         Microbilt Corporation
Case No.:       26-18129
Caption:        Interim Order Authorizing Microbilt Corp., Chapter 11 Debtor and Debtor-in-Possession, to Maintain Existing Cash Management System

---

if any, and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-5 (the "Notice Parties") no later than seven (7) days prior to the Final Hearing. If no objections or responses to the proposed Final Order are timely filed, the Court may enter the Final Order without further notice or hearing.

4.      The Debtor is authorized, but not directed, on an interim basis, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, in the reasonable exercise of its business judgment and subject to the terms of this Interim Order, to continue to administer its Accounts as such prepetition operating accounts were maintained prepetition, without interruption and in the usual and ordinary course of the Debtor's Cash Management System as defined in the Motion to the extent set forth herein. The Debtor is authorized, but not directed, on an interim basis, in its sole discretion and subject to the terms of this Interim Order, to continue to administer its Accounts as such prepetition operating accounts were maintained prepetition, without interruption and in the usual and ordinary course of the Debtor's Cash Management System and consistent with historical practices, and to implement any changes to the Cash Management System as the Debtor deems necessary or appropriate, provided that the Debtor shall not make any material changes to the Cash Management System without providing notice within five (5) business days to the U.S. Trustee, counsel to any statutory committees and counsel for the secured lender prior to making any material changes to the Cash Management System.  If an objection is filed with respect to such changes, the Debtor shall not implement such changes without further authorization by this Court.

5.      The Debtor is further authorized, but not directed, on an interim basis and in its sole discretion, to open any new bank accounts or close any existing Accounts as the Debtor deems necessary and appropriate in its reasonable discretion, and the banks and financial institutions are authorized to honor the Debtor's requests to open or close, as the case may be, such accounts or additional accounts; provided, however, that any such new bank account shall be established at an institution that is (a) a party to a Uniform

7/16/2026 SL1 4401821v1 124063.00001

(Page 4)
Debtor:       Microbilt Corporation
Case No.:     26-18129
Caption:      Interim Order Authorizing Microbilt Corp., Chapter 11 Debtor and Debtor-in-Possession,
              to Maintain Existing Cash Management System

---

Depository Agreement ("UDA") with the U.S. Trustee or is willing to immediately execute a UDA, and (b) agrees to be bound by the terms of this Interim Order. The Debtor shall provide notice within one (1) business day to the U.S. Trustee, and counsel to any statutory committees appointed in this chapter 11 case of the opening of a new bank account or the closing of an existing Account. In addition, the opening of a new bank account or the closing of an existing Account shall be timely indicated on the Debtor's monthly operating reports. The U.S. Trustee and any statutory committee appointed in this chapter 11 case will have fourteen (14) calendar days from receipt of such notice to file any objection with regard to the opening of a new bank account or the closing of an Account, or such later date as may be extended by the Court or agreed to between the Debtor, the U.S. Trustee, and any statutory committees appointed in this chapter 11 case.  The relief granted in this Interim Order is extended to any new bank account opened in the ordinary course of business and consistent with historical practices after the date hereof, which account shall be deemed an "Account." Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and be designated as "Debtor-in Possession" accounts with the above captioned case number.

6.      The Debtor is further authorized but not directed, on an interim basis and in its sole discretion, to (i) continue to use, with the same account numbers, the Accounts in existence as of the Petition Date, including, but not limited to, those accounts identified in the Motion; (ii) treat the Accounts for all purposes as accounts of the Debtor as debtor-in-possession and to maintain and continue using the Accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date, without the need to comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines requiring the opening of separate debtor in possession accounts; and (iii) use, in their present form, all preprinted correspondence and Business Forms (including, but not limited to checks, letterhead, purchase orders, and invoices), though the Debtor shall modify or cause to be modified such Business Forms with a notation bearing a designation of "Debtor-in-Possession" with the above captioned

(Page 5)
Debtor:        Microbilt Corporation
Case No.:      26-18129
Caption:       Interim Order Authorizing Microbilt Corp., Chapter 11 Debtor and Debtor-in-Possession, to Maintain Existing Cash Management System

case number. Any and all post-petition checks, shall bear either a "DIP" or "debtor-in-possession" designation and case number. In the event the Debtor generates new Business Forms during the pendency of this Bankruptcy Case, such Business Forms shall include a legend referring to the Debtor as "Debtor-In-Possession" with the above captioned case number. The Debtor shall further immediately advise the TD Banks to restyle the Accounts as a "Debtor-in Possession" account.  Further, within fourteen (14) calendar days of the entry of this Interim Order, the Debtor will update any electronically produced checks to reflect their status as debtors-in-possession and to include the corresponding bankruptcy case number.

7.      To the extent that any of the Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtor shall have thirty (30) days from the date of entry of this Interim Order, or such longer time as agreed with the U.S. Trustee, without prejudice to seeking additional extensions, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines, or to make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court; provided that nothing herein shall prevent the Debtor or the U.S. Trustee from seeking  further relief from this Court to the extent an agreement cannot be reached.

8.      For the banks at which the Debtor holds Accounts that are party to a UDA with the U.S. Trustee for Region 3, within five (5) calendar days of the date of entry of this Interim Order, the Debtor shall (a) contact TD Bank, (b) provide TD Bank with the Debtor's employer identification number, and (c) identify each of the Accounts held at TD Bank as being held by a debtor in possession in the Debtor's bankruptcy case, request TD Bank to code each Account as a "debtor in possession" account, and provide the bankruptcy case of each such Account as a "debtor in possession" account, and provide the case number.

9.      For banks at which the Debtor holds accounts that are not party to a UDA with the U.S. Trustee for Region 3, the Debtor shall use its good-faith effort to cause the banks to execute a UDA in a

(Page 6)
Debtor:       Microbilt Corporation
Case No.:     26-18129
Caption:      Interim Order Authorizing Microbilt Corp., Chapter 11 Debtor and Debtor-in-Possession,
              to Maintain Existing Cash Management System

form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

10.      TD Bank, N.A. ("TD Bank") is authorized and directed, on an interim basis, to continue to service and administer the Accounts without interruption and in the ordinary course of business, including, without limitation, to receive, deposit, process, honor, debit, and pay any and all checks, drafts, wires, ACH payments, and other fund transfers issued by the Debtor and drawn on the Accounts after the Petition Date, provided that any payments drawn, issued, or made prior to the Petition Date shall not be honored absent direction of the Debtor and a separate order of the Court authorizing such pre-petition payment. TD Bank may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and to the extent TD Bank honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtor, (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of customary item handling procedures, shall be deemed to be nor shall be liable to the Debtor, its estate, or any other party on account of such prepetition check or other item being honored post-petition, or otherwise deemed to be in violation of this Interim Order.

11.      The Debtor is authorized, but not directed, on an interim basis to pay or reimburse any bank fees, claims, costs, expenses or charges associated with the Accounts and arising prior to and after the Petition Date, including, without limitation, (i) service charges or fees; (ii) checks deposited with TD Bank which have been dishonored or returned for insufficient funds; and (iii) any reimbursement or other payment obligations, such as overdrafts, arising under the Bank Account Agreements (collectively, the "Bank Account Claims"). In the course of maintaining any of the Accounts for the Debtor, TD Bank is

(Page 7)
Debtor:         Microbilt Corporation
Case No.:       26-18129
Caption:        Interim Order Authorizing Microbilt Corp., Chapter 11 Debtor and Debtor-in-Possession,
                to Maintain Existing Cash Management System

---

authorized, without further Order of this Court, to continue to deduct from the appropriate Accounts, the Bank Account Claims incurred in connection with the Accounts.

12.     Any existing deposit agreements between the Debtor and TD Bank at which the Accounts are maintained shall continue to govern the post-petition cash management relationship between the Debtor and TD Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by the Court.

13.     TD Bank shall not honor or pay any bank payments drawn on the Accounts or otherwise issued before the Petition Date for which the Debtor specifically issued timely stop payment orders in accordance with the documents governing such Accounts.

14.     The Debtor shall maintain accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

15.     The Debtor is authorized, on an interim basis, to issue postpetition checks or effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are inadvertently dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with the relief granted herein.

16.     The Debtor shall maintain records of all transfers within the Cash Management System so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtor's books and records, to the same extent as maintained prior to the commencement of the Chapter 11 Case.  The Debtor is also directed to maintain its books and records so as to provide a clear demarcation between prepetition and postpetition transactions.

17.     Nothing in this Interim Order shall prejudice the Debtor's right to seek recovery of any payments from any payee of a check as permitted under sections 544, 547, 548, 549 or any other applicable

7/16/2026 SL1 4401821v1 124063.00001

(Page 8)

Debtor:        Microbilt Corporation
Case No.:      26-18129
Caption:       Interim Order Authorizing Microbilt Corp., Chapter 11 Debtor and Debtor-in-Possession,
               to Maintain Existing Cash Management System

---

provision of the Bankruptcy Code or applicable non-bankruptcy law.

18.     Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due.

19.     All disbursements shall be through the Accounts and shall be accounted for on the monthly operating reports.

20.     The Debtor shall serve by regular mail a copy of this Interim Order and the Motion on TD Bank, whose accounts are listed in the Motion, and all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days of the entry of this Interim Order.

21.     The requirements of Bankruptcy Rule 6003(b) and Bankruptcy Rule 6004(a) have been satisfied, and this Interim Order shall be effective and enforceable immediately upon entry hereof.

22.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

23.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

25.     The Office of the U.S. Trustee and counsel for any statutory committees shall have 60 days to review and raise any issue with the Accounts and/or the Debtor's cash management system.

26.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

7/16/2026 SL1 4401821v1 124063.00001